## DAVIS ET AL. v. CURTIS ET AL.

1. **Procedure on Procedendo:** ESTABLISHING LOST CORNERS: TWO REPORTS. Where in proceedings to establish lost corners there was a majority and a minority report of the commissioners, and the court below approved and confirmed the majority report, but, on appeal, this court held that the court below should either have adopted the minority report or remanded the reports back to the commissioners to be corrected in accordance with the judgment of the court, *held* that the lower court did not err when, on *procedendo*, it sustained a motion for the adoption of the minority report.

*Appeal from Jones District Court.*

FRIDAY, DECEMBER 17.

THIS is a proceeding under the statute to establish lines and corners of land alleged to have been lost. Commissioners were appointed, who made a survey and took evidence. They were not, however, able to agree upon what lines and corners should be established, and the result was that there were a majority and a minority report. The court approved and confirmed the majority report, and from the ruling the defendants appealed. This court held that the majority report appeared to be incorrect, so far as the conclusion was concerned, and that the lines and corners should be established as found and reported by the minority, which was in accordance with a former survey made by one Blakeslee. The court said: "Our conclusion is that the court should have held that the Blakeslee corner was the true one, and either adopted the minority report, or remanded the reports back to said commission, to correct their report and survey in conformity with the judgment of the court." 68 Iowa, 66. Upon the case being remanded, the plaintiffs moved for the adoption of the minority report, and the court sustained the motion, and the defendants appeal again.

*J. W. Jamison*, for appellants.

*Remley & Ercanbrack*, for appellees.

ADAMS, CH. J.—This court having held that the minority report should have been adopted, the court below did not err in sustaining the plaintiffs' motion made for its adoption. It was not for that court to question the correctness of the ruling, nor is it allowable for this court to do so in any subsequent ruling in the same case. A ruling once made in a case becomes the law of the case. *Adams Co. v. Burlington & M. R. R. Co.*, 55 Iowa, 94. It is said, however, that there was another ruling in the case which shows that the case should have been dismissed. Mr. Justice ROTHROCK, in the opinion in that case, used this language: "We incline to think that it was not the intention of the legislature to impose upon the commissioners the trial of the question of adverse possession to lands, and that when they find no marked government corner, but do find one that has been acquiesced in for ten years, they should report that fact to the court, and it should be an end of the proceedings." But it was not intended to hold that the proceedings should be dismissed, as is shown by the fact that this court held that the court should have adopted the minority report, which would establish the line which had been acquiesced in.

We think that the court below did not err in sustaining the plaintiff's motion.

AFFIRMED.